UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-20357-CR-MOORE

UNITED STATES OF AMERICA

v.

LONTRELL D. WILLIAMS et al.,

    Defendants.

_____/

**UNITED STATES' FIRST NOTICE OF INTENT TO USE DIRECT, INEXTRICABLY INTERTWINED AND RULE 404(B) EVIDENCE**

The United States, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Direct, Inextricably Intertwined, and Rule 404(b) Evidence.

**BACKGROUND**

The Indictment charges the Defendants with offenses resulting from their use of violence and firearms to advance common interests. The investigation has determined that the defendants are members of a criminal association operating under the Choppa Gang's pseudonym from Memphis, Tennessee. The criminal association engages in illicit conduct, including illicit firearm use and violence. While the Choppa Gang is based out of Memphis, Tennessee, its illegal behavior has been identified impacting other parts of the United States.

As itemized below, the United States has identified at least sixteen episodes attributed to Choppa Gang members' use of firearms to advance their interests. These documented episodes capture Choppa Gang members using firearms or traveling under the group's practices.

# EVIDENTIARY NOTICE

Under the doctrines of direct and inextricably intertwined evidence, the United States seeks to introduce at trial, in its' case-in-chief, intrinsic proof of the crimes charged in the Indictment. The advance disclosure of direct and inextricably intertwined evidence is offered to assist the defense in understanding the scope of the case, as the United States is "not required to provide notice of intrinsic evidence." *See United States v. Thanh Quoc Hoang*, 560 F. App'x 849, 853 (11th Cir. 2014) ("Hoang complains that he was not notified before the evidence was introduced at trial, but the government was not required to provide notice of intrinsic evidence."); *see also United States v. U.S. Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009); *see also United States v. Leavitt*, 878 F.2d 1329, 1339 (11th Cir. 1989) ("Since these acts are not 404(b) evidence, the government was not required to give the defendants' notice of their intention to use them.").

   a. **Evidence Offered Alternatively under Theories of Direct, Inextricably Intertwined, and Rule 404(b) Evidence.**

Under the doctrines and rules governing direct, inextricably intertwined, and Rule 404(b) evidence, the United States seeks to introduce at trial, in its' case-in-chief, evidence of defendants' and their associates' participation in the crimes charged by the Indictment as addressed below. Alternatively, under Rule 404(b), the United States seeks to introduce at trial, in its' case-in-chief, evidence showing motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.   In light of the possibility that the trial evidence may be admissible as either direct, inextricably intertwined, or under Rule 404(b), the United States tenders the evidence in the alternative.   *See United States v. Troya,* 733 F.3d 1125, 1132 (11th Cir 2013) ("The attempted home invasion was direct evidence of Appellants' conspiracy to possess with intent to

distribute cocaine . . . Alternatively, as the district court properly concluded, both incidents would have also been admissible under Rule 404(b)."); *see also United States v. Johnson*, 265 F. App'x 757, 759 (11th Cir. 2008) ("The district court did not abuse its discretion in admitting evidence of kidnaping and sexual exploitation because this evidence (1) arose from the same transaction as the charged offense, (2) established the context under which the girls saw the firearms and Johnson's motive for possessing them, and (3) explained to the jury why law enforcement officers were investigating Johnson. We conclude that this evidence inextricably was intertwined with the charged offense."); *see also United States v. Prophete*, 522 Fed. Appx. 583, 586 (11th Cir. 2013) ("the evidence was admissible as intrinsic evidence inextricably intertwined with evidence of the charged bank fraud offenses . . . We also add that the SunTrust Evidence was alternatively admissible under Rule 404(b) because it showed Prophete's intent and his knowledge of the scheme and it met the three-part test for admissibility."); *see also United States v. Grajales–Montoya,* 117 F.3d 356, 363–64 (8th Cir.) (stating evidence that drug conspirators kidnaped, interrogated, and arranged for their maid to be killed was admissible as direct evidence of a conspiracy), *cert. denied,* 522 U.S. 983, 118 S.Ct. 446, 139 L.Ed.2d 382 (1997).

### i.  Specified Illicit Conduct

The United States intends to submit evidence that the defendants and their associates are participants in a traveling association that advances its interest through the illicit use of firearms and violence.  The defendants' association has been identified possessing and using firearms in furtherance of their criminal association in the following known events.

1. October 3, 2018; Memphis, Tennessee; Armed Drug Trafficking
2. December 12, 2019; Memphis, Tennessee; Armed Drug Trafficking

  3. January 22, 2020; Memphis, Tennessee; Aggravated Assault

  4. March 15, 2020; Jonesboro, Arkansas; Attempted Murder

  5. August 19, 2020; Memphis, Tennessee; Attempted Murder

  6. September 26, 2020; Harrison County, Mississippi; Armed Drug Trafficking

  7. April 8, 2020; Memphis, Tennessee; Attempted Murder

  8. June 19, 2020; Memphis, Tennessee; Murder

  9. July 7, 2020; Memphis, Tennessee; Aggravated Assault

  10. October 9, 2020; Bay Harbor Islands, Florida; Armed Robbery, Attempted Murder

  11. October 10, 2020; Dallas, Texas; Attempted Murder

  12. May 30, 2021; Cordova, Tennessee; Aggravated Assault

  13. May 30, 2021; Miami-Dade County, Florida; Attempted Murder

  14. June 15, 2021; Millington, Tennessee; Firearm Possession

  15. June 29, 2021; Aggravated Assault; Memphis, Tennessee

  16. July 21, 2021; Travel Event; Florida Seminole Tribal Reservation

 **ii. Illicit Association Activities**

The United States also notices its intent to submit evidence that the defendants and their associates have utilized various means and communications to advance their common criminal objectives. The defendants' association has been identified using the following types of measures and tactics to preserve their criminal group:

  1. Payment of criminal bonds for association members and affiliates.

  2. Use of electronic communications to address the criminal association.

  3. Utilizing jailhouse phone calls.

  4. Interstate group travel.

The United States intends to offer evidence of the defendants' illicit association through victim and witness testimony, photos, videos, recovered cellular phone data, social media records, and other materials tendered in discovery.

### iii. Evidence Offered Exclusively under Rule 404(b) Evidence.

The United States shall rely upon the following events and their underlying evidence and associated testimony at trial as to each defendant.

1. Defendant Williams
   a. Assault, Memphis Police 1512006786ME
   b. Robbery, Memphis Police Case Number 1202004830ME
2. Defendant Brown
3. Defendant Darosa
   a. September 3, 2019; Firearm Theft, Carrying a Concealed Weapon, Marijuana Possession; Miami Police Department
   b. April 7, 2021; Firearm Theft, Petit Theft

## CONCLUSION

The United States respectfully requests that the Court allow it to introduce the proposed direct, inextricably intertwined, or Rule 404(b) evidence in its case-in-chief at trial.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By:   /s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9318
Fax: (305) 536-4699

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically onto the Court's CM/ECF system on August 3, 2021.

 /s/ Ignacio J. Vázquez, Jr.
Assistant United States Attorney