**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cr-20357-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LONTRELL WILLIAMS, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court regarding final restitution issues to be determined as to Defendants Lontrell Williams, Bobby Brown, and Jayden Darosa (collectively, "Defendants"). Plaintiff United States of America ("Plaintiff" or the "Government") filed a Restitution Memorandum ("Restitution Mem.") (ECF No. 222), to which Defendants Brown filed a response in opposition ("Resp.") (ECF No. 223). Thereafter, Plaintiff filed a reply ("Reply") (ECF No. 224), and Defendant Brown filed a Surreply ("Surreply") (ECF No. 228). Defendants Williams and Darosa joined Brown's opposition in a hearing held on October 27, 2022.

**I.    BACKGROUND[1]**

All Defendants in this case admitted that they "conspired . . . to use or carry firearms during and in relation to, and to possess firearms in furtherance of, drug trafficking crimes and crimes of violence." On October 9, 2021, Defendants arrived in Bay Harbor Islands, Florida to acquire marijuana, codeine, and sneakers from Jeffrey Sarna and Brandon Cooper (the "Narcotics

---

[1] The Court takes the undisputed facts from the Defendants' factual proffers. ECF Nos. 134, 154, 162. *See United States v. Langston*, 662 F. App'x 787, 788 (11th Cir. 2016) (taking the undisputed facts from the factual proffer supporting the defendant's guilty plea).

Transaction"). During the Narcotics Transaction "members of the group brandished firearms and shot [Sarna] and [Cooper]." Each Defendant ultimately pleaded guilty to conspiracy to possess firearms in furtherance of violent and drug trafficking crimes in violation of 18 U.S.C. § 924(o).

The Government now seeks restitution pursuant to the Mandatory Victims Restitution Act 18 U.S.C. § 3663(a)(1)(A) ("MVRA") for two victims, Sarna and Cooper, who were shot at the Narcotics Transaction. *See generally* Restitution Mem. Defendants argue in response that restitution is not appropriate because Sarna and Cooper are "unindicted co-conspirators" who are not entitled to restitution under the MVRA. *See generally* Resp.

On October 27, 2022, this Court held a restitution hearing during which the Parties expressed their views as to whether Sarna and Cooper should be considered "victims" under the MVRA. *See* ECF No. 226. The Court now addresses Defendants' argument that Sarna and Cooper are "unindicted co-conspirators" and therefore not entitled to restitution under the MVRA.

**II.    LEGAL STANDARD**

The MVRA provides that, when sentencing a defendant convicted of a crime of violence, a court may order "that the defendant make restitution to the victim of the offense." 18 U.S.C. § 3663(a)(1)(A). The MVRA defines a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* § 3663A(a)(2); *United States v. Barranco-Millares*, 462 F. App'x 892, 893 (11th Cir. 2012).

The MVRA's definition of victim does not consider whether the alleged victim was a co-conspirator in the underlying offense. However, "courts have recognized that Congress could not have intended" that "federal courts would be involved in redistributing funds among wholly guilty co-conspirators, where one or more co-conspirators may have cheated their comrades." *United States v. Lazarenko*, 624 F.3d 1247, 1249 (9th Cir. 2010).

2

Accordingly, the Eleventh Circuit and several of its sister circuits have held that a co-conspirator cannot receive restitution under the MVRA. *See In re Wellcare Health Plans, Inc.*, 754 F.3d 1234,1239 (11th Cir. 2014) ("[A]n entity that admits to engaging in illegal fraud cannot be a 'victim' of that fraud for purposes of the CVRA and MVRA"); *see also Lazarenko*, 624 F.3d at 1249 (holding that, "in the absence of exceptional circumstances, a co-conspirator cannot recover restitution"); *United States v. Reifler*, 446 F.3d 65, 127 (2d Cir. 2006) ("[A]ny order entered under the MVRA that has the effect of treating coconspirators as 'victims,' and thereby requires 'restitutionary' payments to the perpetrators of the offense of conviction, contains an error so fundamental and so adversely reflecting on the public reputation of the judicial proceedings that we may, and do, deal with it *sua sponte*.").

Circuit courts have, however, permitted restitution for victims alleged to have participated in unlawful conduct *other than the offense* of the underlying conviction. *See, e.g.*, *United States v. Bonetti*, 277 F.3d 441, 453 (4th Cir. 2002) (woman who illegally entered the United States was entitled to restitution following defendant's conviction for illegally harboring her); *see also United States v. Hall*, 467 F. App'x 47 (2d Cir. 2012) (alleged co-conspirator in defendant's wire fraud scheme was instead a "victim" of the scheme, and thus entitled to restitution from defendant pursuant to the MVRA, even though alleged co-conspirator had dishonest or greedy motives, he was not engaged in a scheme to lose his own money); *United States v. Sanga*, 967 F.2d 1332, 1335 (9th Cir. 1992) ("Any criminal complicity in the conspiracy which [the victim] might bear stopped at the point at which she became the object of, rather than a participant in the criminal goals of the conspirators.").

In *United States v. Benton*, 765 F. App'x 477 (2d Cir. 2019), the Second Circuit upheld a restitution order requiring the defendant, who pleaded guilty to conspiracy to distribute cocaine

3

and racketeering, to pay for funeral expenses for victims who engaged in criminal activity with the defendant. *Id*. at 482. The Second Circuit reasoned that "[e]ven if the alleged victims engaged in criminal activity with [Defendant], that did not make them co-conspirators *in the offense of their own murders*." *Id*. (emphasis in original). The Court further reasoned that, "[w]hile a victim may be a co-conspirator as to some parts of the conspiracy, where a victim's intentions are not *in pari materia* with the defendant, restitution should not be denied." *Id*.

### III.   DISCUSSION

Defendants assert that Sarna and Cooper are "unindicted co-conspirators" and therefore do not qualify as victims under the MVRA. *See generally* Resp. Defendants assert that, "[w]hile the Government chose not [to] charge Sarna and Cooper with Conspiracy to Possession [of a] Firearm in Furtherance of Violent and Drug Trafficking Crimes, as it did Brown, Williams, and Darosa, the Government surely could have." *Id*. at 6.

The Government argues that Sarna and Cooper's conduct does not prohibit them from receiving restitution. Reply at 2. The Government further contends that "[c]ourts routinely uphold awards of restitution to victims alleged to have participated in unlawful conduct other than the offense of the conviction." *Id*. Defendants respond that while the Government's statement is "technically true," the Government misses the mark because Sarna and Cooper "**directly participated in the underlying offense of the conviction** i.e., conspiracy to possession [of] firearms in furtherance of drug trafficking crimes." *Id*. (emphasis in original).

The Court now turns to Defendants' argument that Sarna and Cooper are not entitled to restitution because they are co-conspirators to the underlying conviction i.e., conspiracy to possession of firearms in furtherance of drug trafficking crimes. *See* Surreply at 5.

4

A conspiracy exists where there is: "(1) [an] agreement between two or more persons to achieve an unlawful objective; (2) knowing and voluntary participation in that agreement by the defendant; and (3) an overt act in furtherance of the agreement." *United States v. Estepa*, 998 F.3d 898, 908–09 (11th Cir. 2021) (citing *United States v. Broughton*, 689 F.3d 1260, 1277 (11th Cir. 2012)). Defendants assert that Sarna and Cooper are co-conspirators in the underlying offense because: (1) there is a continuing relationship between Sarna, Cooper, and Defendants that demonstrates a conspiracy; (2) Sarna and Cooper were armed at the Narcotics Transaction; and (3) possession of firearms at the Narcotics Transaction was reasonably foreseeable. *See generally* Surreply. The Court addresses these arguments in turn.

Defendants first assert that the fact that Sarna and Cooper "distributed narcotics to the defendants on at least five prior occasions during the week of October 9th," demonstrates that a conspiracy exists. Surrepy at 1–2. Under Eleventh Circuit Precedent, in drug transactions an "agreement may be inferred when the evidence shows a continuing relationship that results in the repeated transfer of illegal drugs to the purchaser." *Id*. at 3 (citing *United States v. Mercer*, 165 F.3d 1331, 1335 (11th Cir. 1999)). While Defendants suggest a continued relationship regarding the transfer of illegal drugs, they do not suggest that firearms were involved in or discussed at any prior narcotics transactions. Although the parties continued relationship may permit an inference that the parties agreed, and conspired, to illegally transfer drugs; it does not permit an inference that the parties agreed to possess firearms in furtherance of drug trafficking crimes.

Defendants then argue that because Sarna and Cooper were armed at the Narcotics Transaction, they conspired to be armed at the transaction. Surreply at 4. Notably, there is a dispute regarding whether Sarna and Cooper in fact had guns at the Narcotics Transaction. *See* Reply at 3 ("Although Sarna claims that he did not possess a firearm during this narcotics

5

transaction, the evidence proves otherwise. For instance, during the shooting, Brown saw Sarna with a firearm."). Even assuming arguendo that Sarna and Cooper were armed at the Narcotics Transaction, this does not suggest any agreement between Sarna, Cooper, and the Defendants to possess firearms in furtherance of drug trafficking crimes.

Finally, Defendants argue that possession of firearms by co-conspirators is reasonably foreseeable during narcotics transactions, and therefore "Sarna and Cooper are not only responsible for the guns that they brough to the drug transaction, but they are equally liable for any of the guns possessed by any participant of the drug transaction." Surreply at 4–5. Defendants cite to *United States v. Isnadin*, 742 F.3d 1278 (11th Cir. 2014), in which the Eleventh Circuit held that evidence was sufficient to support a conviction for conspiracy to use and carry a firearm during and in relation to a drug trafficking offense where the government presented (1) recordings of conversations during which the co-conspirators discussed their plan to steal cocaine from a stash house using firearms, and (2) a participant confirmed on several occasions that guards at the stash house would be armed. Here, Defendants failed to demonstrate any evidence even suggesting any discussion between Sarna, Cooper, and the Defendants regarding firearms being present at the Narcotics Transaction. Although possession of firearms may be reasonably foreseeable during a narcotics transaction, that, without any suggestion of any agreement to possess firearms, is insufficient to demonstrate that Sarna and Cooper were co-conspirators in the underlying offense.

Defendants fail to allege any acknowledgement or agreement between Sarna, Cooper, and Defendants related to the underlying offense in the conviction—conspiracy to possess firearms in furtherance of drug trafficking crimes. Therefore, Defendants' argument that Sarna and Cooper are 'unindicted co-conspirators' to the underlying offense fails.

The Court now turns to the Government's argument that Sarna and Cooper are victims under the MVRA who are entitled to restitution. *See generally* Restitution Mem. As discussed above, in the MVRA, "the term 'victim' means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(A)(2).

Here, Defendants pleaded guilty to conspiracy to possess firearms in furtherance of violent and drug trafficking crimes. ECF Nos. 133; 153; 161. At the Narcotics Transaction, which was within the scope of the conspiracy, Defendants shot Sarna and Cooper. Accordingly, Sarna and Cooper were directly and proximately harmed by the Defendants' criminal conduct during the conspiracy. As such, Sarna and Cooper are victims entitled to restitution pursuant to the MVRA.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Sarna and Cooper are entitled to restitution because they are victims, not unindicted co-conspirators, under the MVRA.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of November 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record